UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| THOMAS L. LOGUE, JR. | CIVIL ACTION NO. 10-1192 |
| VERSUS | JUDGE HAIK |
| THE GRAY INSURANCE COMPANY, ET AL | MAGISTRATE JUDGE HANNA |

*RULING*

Before the court is defendants' Motion to Compel Mental Examination and Deposition of Plaintiff (Rec. Doc. 11). The motion is opposed.

*Background and Argument*

In his complaint plaintiff alleged personal injuries suffered while working as a deckhand aboard the J.P. & SONS DREDGE. Plaintiff has treated with several physicians, including clinical psychologist Dr. John Boutte, who is listed as an expert witness for plaintiff in both his Rule 26(f) report and Rule 26 initial disclosures.

According to plaintiff, he was referred to Dr. Boutte, a clinical psychologist, by Dr. Rand Metoyer of the Gulf Coast Pain Institute in Lake Charles "[t]o determine whether or not psychological, behavioral, personality, substance abuse, or functional factors contribute to pain complaints."[1] After an evaluation, Dr. Boutte recommended anti-depression and anti-anxiety medication and Psychological Pain Coping Skills

---

[1] *Plaintiff's Memorandum in Opposition to Motion to Compel Mental Examination* (Rec. Doc. 13), p. 2.

Treatment.[2]  Plaintiff was seen at the charity hospital in Lake Charles and prescribed the medications recommended by Dr. Boutte.[3]  According to plaintiff, he has continued all mental health care with Dr. Boutte, and has never been examined or treated by a psychiatrist except for the charity hospital physician in order to get prescriptions for the medications recommended by Dr. Boutte.[4]

In their motion to compel, defendants ask the court to compel plaintiff to submit to an examination by a psychiatrist, Dr. Harold M. Ginzburg, located in Metairie, Louisiana.  Defendants also ask the court to compel plaintiff to submit himself to a deposition after the examination, as he has not been available for same.

Defendants argue they have been trying to schedule an examination of plaintiff with Dr. Ginzburg, but plaintiff has objected to Dr. Ginzburg's status as a psychiatrist instead of a psychologist and to his location in Metairie.  Defendants argue plaintiff has put his mental condition in controversy and therefore they are entitled to have plaintiff examined by a qualified psychologist or psychiatrist of their choice.  Defendants argue the only difference between a psychologist and a psychiatrist is that a psychiatrist can prescribe medication.  In response to plaintiff's objections to travel, defendants have agreed to have Dr. Ginzburg conduct the examination on a Sunday in Lafayette.

In response, plaintiff argues defendants should be required to use a clinical

---

[2]*Id.*

[3]*Id.*

[4]*Plaintiff's Memorandum in Opposition to Motion to Compel Mental Examination* (Rec. Doc. 13), p. 2.

psychologist, like Dr. Boutte, for their IME. Otherwise, a jury will be confused:

> Logue does not object to Dr. Ginzburg offering opinions in this case regarding his need for the psychotropic medications recommended by another physicians. However, if Dr. Ginzburg is allowed to offer opinions regarding Logue's psychological care and treatment, the jury will be required to assess the qualifications of two experts – a clinical psychologist and a psychiatrist – with very different credentials in order to determine the appropriate weigh [sic] to assign their testimony.[5]

Plaintiff also objects to the deposition occurring on a Sunday, "a legal holiday and traditional day of rest and religious observance for Christians."[6] Plaintiff concludes by arguing that if the examination is performed by a psychiatrist, his testimony should be limited to the issue of Logue's need for psychotropic medication. Moreover, the evaluation should be in Lafayette or Lake Charles during a weekday. Plaintiff offers no opposition to defendants' request that the court order plaintiff to submit to a deposition after the evaluation.

### *Applicable Law and Discussion*

Rule 35(a) of the Federal Rules of Civil Procedure allows a court to order a party whose mental condition is in controversy to submit to an examination by "a suitably licensed or certified examiner" and must "specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it."

Neither party has pointed the court to any statutory or jurisprudential rule that requires an independent medical examination be performed by a medical expert with

---

[5] *Plaintiff's Memorandum in Opposition to Motion to Compel Mental Examination* (Rec. Doc. 13), p. 3.

[6] *Id.*, p. 5.

certifications identical to the plaintiff's chosen medical expert. Both Dr. Boutte and Dr. Ginzburg are licensed and/or certified mental health professionals and that is the issue at hand – plaintiff's mental condition. Therefore, the undersigned will order the plaintiff to submit to an evaluation by Dr. Ginzburg.

Dr. Boutte performed an evaluation of plaintiff "to determine whether or not psychological, behavioral, personality, substance abuse, or functional factors contribute to pain complaints."[7] The undersigned finds no legitimate reason to limit the scope of plaintiff's evaluation by Dr. Ginzburg to anything less. Plaintiff's attempt to limit Dr. Ginzburg's testimony to plaintiff's need for psychotropic medication is more appropriately brought in a motion in limine, not as a restriction on the scope of his evaluation.

It appears Dr. Boutte's office is in Slidell, Louisiana. It is not clear whether plaintiff traveled to Slidell for his evaluation and/or treatment, or whether it occurred in Lake Charles or Lafayette. If plaintiff traveled to Slidell for his evaluation and/or treatment by Dr. Boutte, it would seem reasonable for him to travel to Metairie for an evaluation by Dr. Ginzburg. However, the undersigned is not willing to order the plaintiff to submit to a mental health evaluation in a district outside of the chosen forum over objection. *Rainey v. Wal-Mart Stores, Inc*. 139 F.R.D. 94 (W.D. La. 1991). Nor is the undersigned, *at this point*, willing to order the evaluation to take place on a Sunday although the undersigned will consider it if necessary. Therefore, the undersigned will

---

[7] See *Psychological Pain Evaluation* (Rec. Doc. 13-1), p. 1.

order the evaluation by Dr. Ginzburg to take place in Lafayette on a weekday. If the parties are unable to agree on a date and time for the evaluation by Dr. Ginzburg, the Court will select the date and time.

In addition, plaintiff is ordered to submit to a deposition within fourteen days after his evaluation at a date and time mutually agreed upon. If no mutual agreement can be had, the deposition shall be set at a date/time selected by the Court.

Therefore, **IT IS ORDERED** that defendants' Motion to Compel Mental Examination and Deposition of Plaintiff (Rec. Doc. 11) is **GRANTED** as follows:

1) Plaintiff shall be evaluated by Dr. Ginzburg. The evaluation shall be conducted in Lafayette. The evaluation shall occur on a weekday. The scope of the examination shall be "to determine whether or not psychological, behavioral, personality, substance abuse, or functional factors contribute to pain complaints." The date and time of the evaluation shall be mutually agreed upon. If no mutual agreement can be reached, the Court shall select the date and time of the evaluation.

2) Plaintiff shall submit to a deposition within fourteen days following the evaluation at a date and time date and time mutually agreed upon. If no mutual agreement can be had, the deposition shall be set on a date/time selected by the Court.

3) Any other requested relief is **DENIED**.

4) Oral argument on the motion set for March 23, 2011, is **CANCELED**.

Lafayette, Louisiana, this 14th day of March, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)